1
2
3
4
5              UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                    OAKLAND DIVISION
8

| | |
|---|---|
| EARL A. DANCY, | Case No:  C 10-2602  SBA |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| vs. | |
| AURORA LOAN SERVICES, LLC, and DOES 1-20, | [Docket Nos. 18, 19] |
| Defendants. | |

Plaintiff Earl A. Dancy filed the instant action in Marin County Superior Court alleging that Defendant, Aurora Loan Services, LLC ("Aurora"), wrongfully foreclosed upon his home in Lagunitas, California.  Aurora removed the action to this Court on the basis of diversity jurisdiction.  28 U.S.C. §§ 1332, 1441.  The parties are presently before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order.  Specifically, Plaintiff seeks to enjoin Aurora, which acquired Plaintiff's home through foreclosure, from evicting him pursuant to a writ of possession issued in a state court unlawful detainer ("UD") action.  Having read and considered the record and the papers submitted by the parties, the Court DENIES the ex parte motion.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court adjudicates the motion without oral argument.

# I.        BACKGROUND

## A.        FACTUAL SUMMARY

Plaintiff is the former owner of a residence located at 200 Lagunitas Road, Lagunitas, California ("subject property").  Compl. ¶ 1, Dkt. 1.  On August 15, 2005, the lender, American Sterling Bank, recorded a Deed of Trust against the subject property as security for a mortgage in the amount of $511,978.  Def.'s Request for Judicial Notice ("RJN") Ex. 4 at 2, Dkt. 22-1.  The Deed of Trust identifies First Trustee Services, Inc., as the "Trustee," while Mortgage Electronic Registration Systems, Inc. ("MERS") is specified as both the "nominee" of the Lender and the "beneficiary under this Security Instrument." Id.  In addition, the Deed of Trust provides that MERS has the right to foreclose on the mortgaged property:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id. at 3.

Plaintiff apparently fell behind on his mortgage payments, which resulted in a Notice of Default and Election to Sell under Deed of Trust ("NOD") being issued.  Id. Ex. 2.  The NOD, which was issued by Quality Loan Service Corporation ("Quality") as the agent for MERS, stated that any inquiries should be directed to "Aurora Loan Services c/o Quality Loan Service Corp."  Id. at 2.  On June 14, 2008, Quality recorded a Notice of Trustee's Sale.  Id. Ex. 3.  On December 29, 2008, the trustee's sale took place and the property was sold to Aurora.  Id. Ex. 1.

Despite the foreclosure, Plaintiff refused to vacate the premises.  Thus, on February 9, 2009, Aurora filed a UD action against Plaintiff in Marin County Superior Court to evict him from the subject property.  Id. Ex. 6.  The trial court ruled in favor of Aurora and ordered Plaintiff to turn over possession of the premises.  Id. Ex. 7 at 1.  Plaintiff

unsuccessfully appealed that decision to the appellate division of the superior court.  Id.
Thereafter, Plaintiff sought to have the matter transferred to the California Court of Appeal,
which denied his request on April 30, 2010.  Id. Exs. 8, 9.  On May 11, 2010, the trial court
issued a writ of possession based on the judgment in the UD action.  Initially, the court
stayed execution of the writ, but later vacated its stay on June 28, 2010.  Id. Exs. 10-12.

### B.   PROCEDURAL HISTORY

On May 12, 2010, the day after the state court issued a writ of possession, Plaintiff
filed the instant lawsuit against Aurora in state court, claiming that the trustee's sale was
improper.  According to Plaintiff, MERS had no right to elect to proceed with a non-
judicial trustee's sale of the subject property, ostensibly because MERS was not the
beneficiary of the Deed of Trust and never owned the promissory note.  See Compl. ¶ 5.
No particular causes of action are alleged in the Complaint, though it appears that
Plaintiff's claim is predicated on the theory of wrongful foreclosure.

On June 14, 2010, Aurora filed a notice of removal in the Court on the basis of
diversity jurisdiction.  Docket 1.  On August 26, 2010, Plaintiff filed the instant ex parte
motion for a TRO.  In his motion, Plaintiff seeks an immediate injunction "prohibiting
Aurora from evicting him before October 5, 2010 . . . ."  Pl.'s Mot. at 7.  Defendant filed its
opposition and Plaintiff filed his reply on August 30 and 31, 2010, respectively.

## II.   LEGAL STANDARD

The standard for a TRO is the same as for a preliminary injunction.  See Stuhlbarg
Int'l Sales Co., Inc. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001);
Lockheed Missle & Space Co. v. Hughes Aircraft, 887 F. Supp. 1320, 1323 (N.D. Cal.
1995).  To obtain preliminary injunctive relief, the moving party must show: (1) a
likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party
in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving
party; and (4) that an injunction is in the public interest.  Winter v. Natural Res. Def.
Council, Inc., ---U.S. ---, 129 S.Ct. 365, 376 (2008).  This is an "extraordinary remedy that
may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Id.

III.   **DISCUSSION**

The threshold question presented is whether the Court has the authority to provide Plaintiff the relief requested; namely, a TRO enjoining Aurora from enforcing the writ of possession issued by the state trial court following the judgment in favor of Aurora in the UD action.  It does not.  First, Plaintiff's motion inappropriately requires the Court to consider the propriety of the state court's writ.  It is well-settled that federal district courts do not have jurisdiction to review state court rulings.  D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Here, the state court already has entered a judgment against Plaintiff, which thus conferred upon Aurora the legal right to take possession of the subject property.  See Culver Center Partners East No. 1, L.P. v. Baja Fresh Westlake Village, Inc., 185 Cal.App.4th 744, 749 (2010) ("Unlawful detainer is a summary proceeding to determine the right to possession of real property").  Having lost the UD action, Plaintiff cannot now come to federal court seeking the same relief which the state court declined to afford.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (recognizing that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Second, the injunctive relief requested by Plaintiff is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  The Anti-Injunction action forbids a federal court from enjoining or staying state court proceedings "*except* as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (emphasis added).  The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

In his motion papers, Plaintiff has failed to identify any exception to the Anti-Injunction Act that is applicable to this case.  There is no federal statute authorizing a

district court to enjoin a state unlawful detainer action.  Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).  Additionally, there are no prior orders of this Court that would be undermined by the UD proceeding.  Id.  Finally, an injunction preventing Aurora from pursuing the relief it properly obtained from the state court is not necessary to aid this court's jurisdiction.  In particular, the Supreme Court has explained that this exception exists to protect a court's in rem jurisdiction.  Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 641 (1997) ("[T]he necessary in aid of exception to § 2283 may be fairly read as incorporating this historical in rem exception."); accord Bennett v. Medtronic, Inc., 285 F.3d 801, 806-807 (9th Cir. 2002).  Here, the court does not have in rem jurisdiction over the real property at issue.  See Scherbenske, 626 F. Supp. 2d at 1059.

In an entirely conclusory manner, Plaintiff posits that "the Court *does* have the power to grant the requested TRO under 28 USC § 2283 [sic], because it is necessary in the aid of the Court's jurisdiction and to protect or effectuate the Court's judgement [sic]."  Pl.'s Reply at 3.  Plaintiff neglects to cite any decisional authority or provide any reasoned analysis to support this ipse dixit.  Moreover, Plaintiff fails to address the significant authority supporting the conclusion that a federal district court lacks the authority to interfere with or preclude enforcement of a judgment obtained in a UD action.  See Guancione v. Wachovia Mortg. Corp., Case No. C10-3166 JF, 2010 WL 2991728, at *3 (N.D. Cal. July 28, 2010) (finding that the Anti-Injunction Act foreclosed application for TRO to enjoin eviction) (Fogel, J.); Fry v. Wachovia Mortg. FSB, Case No. 09-cv-2662 L (NLS), 2010 WL 1279062, at *2 (S.D. Cal. March 26, 2010) (rejecting plaintiff's request to enjoin unlawful detainer proceeding and prevent his eviction following the nonjudicial foreclosure sale of his home); Scherbenske, 626 F. Supp. 2d at 1059 ("an injunction against the unlawful detainer action is not necessary to aid this court's jurisdiction."); Ortiz v. Mortgage IT, Inc., Case No. 09-cv-2103 WQH (JMA), 2009 WL 4792323, at *2 (S.D. Cal. Dec. 9, 2009) (denying former homeowner's request for TRO to enjoin unlawful detainer proceedings).

Finally, Plaintiff has failed to demonstrate a likelihood of success on the merits. Though the legal basis of Plaintiff's claim against Aurora is not entirely clear, it appears that he contending that Aurora "fraudulently" acquired title to the property because neither it nor MERS had the power under California Civil Code section 2924(a) to authorize the trustee's sale at which Aurora obtained title to the subject property. Pl.'s Mot. at 6. Under California law, a "trustee, mortgagee or *beneficiary or any of their authorized agents*" may conduct a non-judicial foreclosure, which is commenced by filing a notice of default. Cal.Civ.Code § 2924(a)(1) (emphasis added). Section 2924b(b)(4), defines a "person authorized to record the notice of default or the notice of sale" as "an *agent for the mortgagee or beneficiary,* an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ.Code. § 2924b(b)(4) (emphasis added). The documents submitted to the Court show that the Deed of Trust designates MERS as the "beneficiary" *and expressly confers upon MERS the right to foreclose*. Def.'s RJN Ex. 4 at 3. MERS appointed Quality as the substitute trustee in place of the original trustee, First Trustee Services. Id. Ex. 5. Thus, under the foregoing authority, Quality had standing to conduct a non-judicial foreclosure sale of Plaintiff's property.

Plaintiff counters that by the time MERS appointed Quality as substitute trustee, his mortgage had already been sold by the original lender, American Sterling Bank. Pl.'s Mot. at 6. As such, Plaintiff theorizes that MERS had no authority to appoint a substitute trustee, since it then allegedly was no longer a beneficiary or agent of the lender. Id. Plaintiff cites no evidence or legal authority to support these assertions. Moreover, Plaintiff ignores the plain language of the Deed of Trust, which expressly designates that MERS "is acting solely as nominee for Lender *and Lender's successors and assigns* . . . [and] MERS is the beneficiary under this Security Instrument." Def.'s RJN Ex. 4 at 2. Thus, even of American Sterling Bank had sold the mortgage by the time of the trustee's sale, MERS

remained the new mortgage owner's nominee and beneficiary under the Deed of Trust.[1]  As such, MERS retained the power to appoint a substitute trustee, i.e., Quality.  See Cal. Civ. Code § 2924b(b)(4).  Thus, based on the record presented, the Court is unpersuaded that Plaintiff is likely to succeed on the merits of his Complaint against Aurora.

**IV.    CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's ex parte motion for TRO is DENIED. This Order terminates Docket 18 and 19.

IT IS SO ORDERED.

Dated: September 2, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1]Plaintiff apparently misunderstands MERS' role in mortgage transactions.  MERS is a private entity that maintains a database containing information on approximately 60 million mortgages and deeds of trust, 9.7 million of which relate to properties located in California.  See Mortgage Elec. Registration Sys., Inc. v. Brosnan, Case No. C 09-3600 SBA, 2009 WL 3647125 at *1 (N.D. Cal. Sept. 4, 2009).  This database tracks mortgage servicing rights and beneficial ownership interests that are bought and sold between MERS' members, which include some of the country's largest mortgage companies and banks.  Id. In the vast majority of the loans maintained in the database, MERS is listed as the mortgagee or beneficiary, thus granting it legal title to the property—though the beneficial ownership interests and servicing rights remain with the member, i.e., the lender or servicing company.  Id.  Because MERS always remains listed as the mortgagee or beneficiary, its members are able to buy and sell mortgages without incurring the time and expense associated with mortgage lien assignments.  Id.