| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| | OAKLAND DIVISION |

| | |
|---|---|
| EARL A. DANCY,<br><br>    Plaintiff,<br><br>    vs.<br><br>AURORA LOAN SERVICES, LLC, and DOES 1-20,<br><br>    Defendants. | Case No: C 10-2602 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 8 |

Plaintiff, Earl A. Dancy ("Plaintiff"), filed the instant action in Marin County Superior Court alleging that Defendant, Aurora Loan Services, LLC ("Aurora"), wrongfully foreclosed upon his home in Lagunitas, California.  Aurora removed the action to this Court on the basis of diversity jurisdiction.  28 U.S.C. §§ 1332, 1441.  The parties are presently before the Court on Aurora's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 8.  Having read and considered the record and the papers submitted by the parties, the Court GRANTS the motion and dismisses the action with leave to amend.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court adjudicates the motion without oral argument.

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff is the former owner of a residence located at 200 Lagunitas Road, Lagunitas, California ("the Property"). Compl. ¶ 1, Dkt. 1. On August 15, 2005, the lender, American Sterling Bank, recorded a Deed of Trust against the Property as security for a mortgage in the amount of $511,978. Def.'s Am. Request for Judicial Notice ("RJN") Ex. 4 at 2, Dkt. 9. The Deed of Trust identifies First Trustee Services, Inc., as the "Trustee," while Mortgage Electronic Registration Systems, Inc. ("MERS") is specified as both the "nominee" of the Lender as well as the "beneficiary under this Security Instrument." Id. The Deed of Trust provides that MERS has the right to foreclose on the mortgaged property:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, *the right to foreclose and sell the Property*; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id. at 3 (emphasis added).

Plaintiff apparently fell behind on his mortgage payments, which resulted in a Notice of Default and Election to Sell under Deed of Trust ("NOD") being issued. Id. Ex. 2. The NOD, which was issued by Quality Loan Service Corporation ("Quality"), as the agent for MERS, states that MERS, as beneficiary of the Deed of Trust, "does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby." RJN Ex. 2 at 2. The NOD also provides that any inquiries should be directed to "Aurora Loan Services c/o Quality Loan Service Corp." Id. at 2. On June 14, 2008, Quality recorded a Notice of Trustee's Sale. Id. Ex. 3. On December 29, 2008, the trustee's sale took place and the property was sold to Plaintiff. Id. Ex. 1.

Despite the foreclosure, Plaintiff refused to vacate the premises. Thus, on February 9, 2009, Aurora filed an unlawful detainer action in Marin County Superior Court to evict

him from the subject property. Id. Ex. 6. The trial court ruled in favor of Aurora and ordered Plaintiff to turn over possession of the premises. Id. Ex. 7 at 1. Plaintiff unsuccessfully appealed that decision to the appellate division of the superior court. Id. Thereafter, Plaintiff sought to have the matter transferred to the California Court of Appeal, which denied his request on April 30, 2010. Id. Exs. 8, 9. On May 11, 2010, the trial court issued a writ of possession based on the judgment in the unlawful detainer action. Initially, the court stayed execution of the writ, but later vacated its stay on June 28, 2010. Id. Exs. 10-12.

### B. PROCEDURAL HISTORY

On May 12, 2010, the day after the state court issued a writ of possession, Plaintiff filed the instant lawsuit against Aurora in state court, claiming that the trustee's sale was improper. According to Plaintiff, MERS had no right to elect to proceed with a non-judicial trustee's sale of the subject property, ostensibly because MERS was not the beneficiary of the Deed of Trust and never owned the promissory note. See Compl. ¶ 5. No particular causes of action are alleged in the Complaint, though it appears that Plaintiff's claim is predicated on the theory of wrongful foreclosure.

On June 14, 2010, Aurora removed the action on the basis of diversity jurisdiction. Dkt. 1. On August 26, 2010, Plaintiff filed an ex parte motion for a temporary restraining order ("TRO"). In his motion, Plaintiff seeks an immediate injunction "prohibiting Aurora from evicting him before October 5, 2010 . . . ." Pl.'s Mot. at 7. On September 2, 2010, the Court denied Plaintiff's motion on the ground that it lacked the legal authority to grant the relief requested. Dkt. No 27 at 5-6. The Court also found that Plaintiff had failed to demonstrate a likelihood of success on the merits. Id. at 6. Aurora now moves to dismiss the complaint pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff.  In deciding a Rule 12(b)(6) motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment.  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

## III.   DISCUSSION

The Complaint does not allege any particular causes of action, but appears to be predicated on the notion of wrongful foreclosure under California Civil Code section 2924(a).  California Civil Code sections 2924 through 2941 govern non-judicial foreclosures initiated under a deed of trust.  Gardner v. Am. Home Mortg. Serv., Inc., 691 F. Supp. 2d 1192, 1102 (E.D. Cal. 2010).  Under this statutory scheme, a non-judicial foreclosure may be initiated by a "trustee, mortgagee, or beneficiary, or any of their authorized agents . . . ."  Cal. Civ.Code § 2924(a).  The foreclosure process is commenced by the recording of a NOD.  Id. § 2924(a)(1).  The NOD must include the following:

> (A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.
>
> (B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.
>
> (C) A statement setting forth the nature of each breach *actually known to the beneficiary and of his or her election to sell or cause to be sold the property* to satisfy that obligation and any

>> other obligation secured by the deed of trust or mortgage that is in default.
>
> (D) If the default is curable pursuant to Section 2924c, the statement specified in paragraph (1) of subdivision (b) of Section 2924c.

Id. (emphasis added).  If the default is not cured within three months of the notice of default, a notice of sale may be given which states the time and place of the sale.  Id. § 2924(a)(3).  A "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  Id. § 2924b(b)(4).

Here, Plaintiff seizes upon the reference in section 2924(a)(1)(C) to "the beneficiary and of *his or her election to sell*" and claims that such language establishes that *only* the actual beneficiary has the right to invoke the election to sell.  Pl.'s Opp'n at 7-8.  Plaintiff posits that because Aurora was not the foreclosing beneficiary, it had no right to initiate foreclosure proceedings.  Id.[1]  This contention lacks merit.  The foregoing provision must be construed in tandem with section 2924(a), which expressly provides that a non-judicial foreclosure may be commenced by a "trustee, mortgagee, or beneficiary, or any of their authorized agents."  Cal. Civ.Code § 2924(a).  As for section 2924(a)(1)(C), it merely requires that the NOD include a statement that the beneficiary is electing to exercise its right to sell the property.

As discussed above as well as in the Court's order denying Plaintiff's application for a TRO, *the Deed of Trust specifically identifies MERS as a beneficiary and confers upon MERS the right to foreclose upon and elect to sell the Property*.  RJN Ex. 4 at 2-3; Dkt. 27 at 6.  Consistent with section 2924(a)(1)(C), the NOD recorded against the Property specifies that MERS, *as beneficiary of the Deed of Trust*, "does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."  RJN Ex. 2 at 2.  Although MERS did not itself issue the NOD, it did so through its substitute trustee,

---

[1] The Complaint alleges that Aurora "caused" the NOD to be issued, though the NOD itself was generated and recorded by Quality Loan Service, Inc.  Compl. ¶ 8.

1  Quality, which is permitted under Civil Code § 2924b(b)(4).  RJN Exs. 2 and 5.  Plaintiff
2  has not cited any legal authority to establish that in California the foreclosure must be
3  initiated by the lender or beneficiary itself.

4      Next, Plaintiff asserts, without citation to any legal authority, that "MERS was not a
5  true beneficiary under the Deed of Trust because it never owned, held, or had any other
6  interest in the Note, and it was not entitled to payment under the Note." Pl.'s Opp'n at 13.
7  This contention lacks merit.  As the Court explained in its prior ruling, Dkt. 27 at 6, the
8  Deed of Trust expressly designates that MERS "is acting solely as nominee for Lender *and*
9  *Lender's successors and assigns . . .* [and] MERS is the beneficiary under this Security
10 Instrument," RJN Ex. 5 at 2.  Thus, whether or not MERS owned the note or was entitled
11 to any payments thereunder does not obviate the fact that the Deed of Trust designated
12 MERS as a beneficiary, which, under section 2924(a), has the right to foreclose.

13     Finally, Plaintiff argues that MERS could not have been the beneficiary under the
14 Deed of Trust at the time of the foreclosure because the mortgage was sold "at some point
15 after 2005." Pl.'s Opp'n at 14.  Assuming arguendo that original lender, American Sterling
16 Bank, had sold the mortgage as of the date of the trustee's sale, the fact remains that MERS
17 continued to be new mortgage owner's nominee and beneficiary under the Deed of Trust.
18 As such, MERS retained the power to appoint Quality as its substitute trustee.  See Cal.
19 Civ. Code § 2924b(b)(4); Lane v. Vitek Real Estate Indus. Group,  -- F. Supp. 2d --, 2010
20 WL 1956707, at *5 (E.D. Cal. May 13, 2010) (rejecting argument that MERS lost its power
21 of sale after the mortgage was sold on the secondary market).[2]
22 //
23 //
24 //
25 //

---

[2] In view of the foregoing, it is unnecessary to reach the issue of tender.

IV.     **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.      Defendant's motion to dismiss is GRANTED.

2.      Plaintiff shall have seven (7) days from the date this Order is filed to file an amended complaint, consistent with the Court's rulings, as set forth above.  In the event Plaintiff fails to file an amended complaint within that time-frame, the dismissal of the action will be deemed to be with prejudice.

3.      Should the parties file any additional noticed motions in this action under Civil Local Rule 7-2, the moving and opposition papers shall be limited to fifteen pages and reply briefs shall be limited to the pages.

4.      The parties shall appear for a telephonic Case Management Conference on **January 19, 2011at 3:00 p.m.**  The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement, which shall be filed no later than ten (10) days prior to the Case Management Conference.  The statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated:  November 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge