UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EARL A. DANCY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AURORA LOAN SERVICES, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and DOES 1-20,<br><br>　　　　Defendants. | Case No: C 10-2602 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Docket No. 35 |

　　　Plaintiff, Earl A. Dancy ("Plaintiff"), filed the instant action in Marin County Superior Court alleging that Defendant Aurora Loan Services, LLC ("Aurora") wrongfully foreclosed on his home in Lagunitas, California. Aurora removed the action to this Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Plaintiff subsequently filed a First Amended Complaint ("FAC") in which he joined Mortgage Electronic Registration Systems, Inc. ("MERS") as a defendant. The parties are presently before the Court on Aurora and MERS' motion to dismiss Plaintiff's FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 35. Having read and considered the record and the papers submitted by the parties, the Court GRANTS the motion and dismisses the action. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court adjudicates the motion without oral argument.

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff claims to be the "true owner" of a residence located at 200 Lagunitas Road, Lagunitas, California ("the Property").  FAC. ¶ 1, Dkt. 1.  On August 15, 2005, Plaintiff executed a promissory note ("Note") in the amount of $511,978, in favor of the lender, American Sterling Bank.  Id. ¶ 6; Defs.' Req. for Jud. Notice ("RJN"), Ex. 4 at 2, Dkt. 35-1.  The Note was secured by a Deed of Trust recorded against the Property.  Defs.' RJN Ex. 4 at 2.  The Deed of Trust identifies First Trustee Services, Inc., as the "Trustee," and MERS as both the "nominee" of the lender as well as the "beneficiary under this Security Instrument."  Id.  The Deed of Trust provides that MERS has the right to foreclose on the Property:  "Borrower understands and agrees that … MERS (as nominee for Lender and Lender's successors and assigns) has … *the right to foreclose and sell the Property*…."  Id. at 3 (emphasis added).

Plaintiff defaulted on his mortgage payments, which resulted in a Notice of Default and Election to Sell under Deed of Trust ("NOD") being issued by Quality Loan Service Corporation ("Quality"), as the agent for MERS.  Id. Ex. 2.  The NOD states that MERS, as beneficiary of the Deed of Trust, "does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby."  RJN Ex. 2 at 2.  The NOD also provides that any inquiries should be directed to "Aurora Loan Services c/o Quality Loan Service Corp."  Id.  On June 14, 2008, Quality recorded a Notice of Trustee's Sale.  Id. Ex. 3.  On December 29, 2008, the trustee's sale took place and the property was sold to Aurora.  Id. Ex. 1.

Despite the foreclosure, Plaintiff refused to vacate the premises.  Thus, on February 9, 2009, Aurora filed an unlawful detainer action in Marin County Superior Court against Plaintiff, pursuant to California Code of Civil Procedure § 1161a ("§ 1161a").  Id. Ex. 6.[1]

---

[1] California Code of Civil Procedure § 1161a(b)(3) states that a tenant may be removed "[w]here the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected."

Following a court trial, the court ruled in favor of Aurora and ordered Plaintiff to relinquish possession of the Property. Id. Ex. 7 at 1. Plaintiff appealed the decision to the Appellate Division of the Superior Court for the County of Marin. On March 15, 2010, a three-judge appellate panel affirmed the trial court's judgment. Def.'s RJN Ex. 7. In its decision, the panel noted that under § 1161a, an unlawful detainer action is a summary proceeding generally limited to the question of whether the foreclosure complied with the requirements of California Civil Code § 2924. Id. at 2. However, the panel indicated that the trial court had "extended" the hearing to allow Aurora "to show acquisition of title…." Id.

The panel then discussed the documents pertaining to Aurora's acquisition of the Property through foreclosure. Among those documents was a Substitution of Trustee signed by the vice-president of MERS, in which MERS, as "the present beneficiary under said Deed of Trust," substituted Quality as the Trustee under the Deed of Trust. Id. The panel specifically found that "MERS was one of the original lenders or beneficiaries when defendant [i.e., Dancy] purchased the property." Id. The court further explained that under the Deed of Trust, the Note could be sold one or more times without prior notice to the borrower. Id. at 3. The Appellate Division concluded:

> Taken together, these documents and the testimony at trial provide the necessary prerequisites for operation of [Civil Code] § 2924 and the rebuttable presumption in favor of title in favor of title in the purchaser at a trustee's sale. There was no effective rebuttal of such evidence. The property was sold in accordance with [Civil Code] § 2924 with title "duly perfected" in [Aurora] as required by CCP § 1161a.

Id. After receiving this ruling, Plaintiff sought to have the matter transferred to the California Court of Appeal, which denied his request on April 30, 2010. Id. Exs. 8, 9. On May 11, 2010, the trial court issued a writ of possession based on the judgment in the unlawful detainer action. Initially, the court stayed execution of the writ, but later vacated its stay on June 28, 2010. See 11/2/10 Order at 3, Dkt. 32.

### B.  PROCEDURAL HISTORY

On May 12, 2010, the day after the state court issued a writ of possession, Plaintiff filed the instant lawsuit against Aurora in state court, alleging that the trustee's sale was

1   improper.  According to Plaintiff, MERS had no right to elect to proceed with a non-
2   judicial trustee's sale of the subject property, ostensibly because MERS was not the
3   beneficiary of the Deed of Trust and never owned the promissory note.  See Compl. ¶ 5,
4   Dkt. 1.  No particular causes of action were alleged in the Complaint, though it appeared
5   that Plaintiff's claim was predicated on the theory of wrongful foreclosure.

6   On June 14, 2010, Aurora removed the action on the basis of diversity jurisdiction.
7   On August 26, 2010, Plaintiff filed an ex parte motion for a temporary restraining order
8   ("TRO") to prevent Aurora from evicting him.  On September 2, 2010, the Court denied
9   Plaintiff's motion on the ground that it lacked the legal authority to grant the relief
10  requested, and because Plaintiff had failed to demonstrate a likelihood of success on the
11  merits.  9/2/10 Order at 5-6, Dkt. 27.

12  On November 2, 2011, the Court granted Aurora's motion to dismiss.  11/2/11
13  Order, Dkt. 32.  The Court, inter alia, rejected Plaintiff's contention that Aurora and MERS
14  had no right to initiate foreclosure proceedings.  Id. at 5-6.  In addition, the Court found no
15  merit to Plaintiff's contention that MERS was not the beneficiary under the Deed of Trust.
16  Id. at 6.  Although it appeared unlikely that Plaintiff could cure the deficiencies resulting in
17  the dismissal, the Court, out of an abundance of caution, granted Plaintiff leave to amend.

18  On November 8, 2010, Plaintiff filed a FAC.  The allegations forming the basis of
19  his amended pleading are largely the same as the original complaint, except that Plaintiff
20  has joined MERS as a Defendant.[2]  As before, Plaintiff continues to allege that MERS was
21  not the foreclosing beneficiary on the theory that MERS was not a party to or mentioned in
22  the Note, and was not a party to the Deed of Trust.  FAC ¶ 9.  In addition, Plaintiff again
23  posits that since MERS allegedly had no rights under the Note or Deed of Trust, it could
24  not assign any rights to Quality to conduct a trustee's sale.  Id. ¶ 14.  Based on these
25  allegations, Plaintiff alleges five causes of action for:  (1) Tortious Violation of Statutory
26  Duties; (2) Slander of Title; (3) Nuisance; (4) Quiet Title; and (5) Unfair Business

27
28  _____
    [2] Although the Court's 11/2/10 Order did not grant Plaintiff leave to join additional parties, neither Aurora or MERS have objected to the joinder of MERS.

1 Practices. Defendants Aurora and MERS now move to dismiss the FAC on the grounds
2 that Plaintiff's claims are barred by res judicata. Alternatively, Defendants argue that based
3 on the facts alleged, Plaintiff has not stated any viable claims against them, as a matter of
4 law.

5 **II.   LEGAL STANDARD**

6 Under Federal Rule of Civil Procedure 12(b)(6) a district court must dismiss a
7 complaint if it fails to state a claim upon which relief may be granted. To survive a motion
8 to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim
9 to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
10 (2007). The court is to "accept all factual allegations in the complaint as true and construe
11 the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group,
12 Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). In deciding a Rule
13 12(b)(6) motion, the court "may generally consider only allegations contained in the
14 pleadings, exhibits attached to the complaint, and matters properly subject to judicial
15 notice[.]" Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold
16 and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090,
17 1096 (9th Cir. 2008). If the complaint is dismissed, plaintiff generally should be afforded
18 leave to amend unless it is clear the complaint cannot be saved by amendment. Sparling v.
19 Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

20 **III.   DISCUSSION**

21 **A.   PLAINTIFF'S OBJECTIONS TO EVIDENCE**

22 In support of its motion to dismiss, Defendants have filed a Request for Judicial
23 Notice ("RJN"), attached to which are various documents referenced in the FAC. These
24 documents include, without limitation, copies of the: (1) Trustee's Deed Upon Sale; (2) the
25 NOD; (3) the Notice of Trustee's Sale; (4) the Deed of Trust; and (5) the Substitution of
26 Trustee. See Def.'s RJN, Exs. 1-5, Dkt. 35-1. Plaintiff has filed an objection to these
27 particular exhibits on the ground that they "contain hearsay statements which cannot be
28 considered for determining the truth of the matters asserted." Pl.'s Obj. at 1, Dkt. 38-2.

As noted, the Court, in ruling on a motion to dismiss, is permitted to consider documents subject to judicial notice. Federal Rule of Evidence 201 provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d).[3]  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Id. 201(b). Under the "incorporation by reference" doctrine, federal courts are permitted to take judicial notice of and consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the ... pleading." In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Here, each of the documents to which Plaintiff has objected is referenced and discussed in the FAC. E.g. FAC ¶ 18 (Trustee's Deed Upon Sale); id. ¶¶ 15, 16 (NOD); id. ¶ 17 (Notice of Trustee's Sale); id. ¶¶ 7-12 (Deed of Trust); id. ¶¶ 13, 14 (Substitution of Trustee). Since Plaintiff does not challenge the authenticity of any of these documents, the Court may take judicial notice of them. There is no merit to Plaintiff's contention that the documents should be excluded as hearsay. The Court may properly consider the documents at issue in connection with Plaintiff's conclusory allegations that neither MERS nor Aurora had the authority to proceed with the foreclosure. See Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not … required to accept as true conclusory allegations that

---

[3] Citing California Evidence Code § 452, Defendants respond the Court is permitted to take judicial notice of the aforementioned documents. Defs.' Response to Obj. at 2, Dkt. 40. This contention is misplaced. Since this case now is pending in federal court, the Federal Rules of Evidence are controlling.

are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."); accord Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (same). Moreover, the Court notes that the Superior Court's appellate panel expressly considered both the Deed of Trust and Substitution of Trustee in reaching its conclusion that the foreclosure was legally authorized. Def.'s RJN, Ex. 7 at 2-3. Thus, the Court overrules Plaintiff's objection to Exhibits 1 through 5 of Defendants' RJN.

### B. RES JUDICATA

A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6). See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Under under 28 U.S.C. § 1738, federal courts are required to give full faith and credit to state court judgments. See San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323, 336 (2005); Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). To determine the preclusive effect of a state court judgment, federal courts look to state law. Palomar Mobilehome Park Ass'n, 989 F.2d at 364.

"California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). In determining whether res judicata bars a claim, California courts follow the primary rights doctrine. Manufactured Home Cmtys. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) ("MHC"). This doctrine provides that:

> A "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (2002) (internal quotation and alterations omitted).  Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Id. at 897. "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983) (internal citations omitted); MHC, 420 F.3d at 1032 ("Different theories of recovery are not separate primary rights.").

The threshold question presented is whether the state trial court judgment in the unlawful detainer action brought by Aurora, and the Appellate Division's affirmation of that decision, precludes Plaintiff from challenging the validity of the foreclosure in the instant action.  Defendants contend that all of the claims presented in this action were finally resolved in the unlawful detainer proceedings.  Plaintiff counters that the unlawful detainer judgment only has limited, preclusive effect, given that the issues presented in this action were not litigated in the underlying state court action.  Specifically, he asserts that the trial court judge refused to consider his contention that MERS had no power to foreclose based on the notion that the original lender had sold the Note to a third party.  The Court finds Defendants' position more persuasive.

The California Court of Appeal's recent decision in Malkoskie v. Option One Mortg. Corp., 188 Cal.App.4th 968 (2010)—a case overlooked by the parties—is particularly instructive.  In Malkoskie, plaintiffs defaulted on their mortgage, which resulted in the commencement of foreclosure proceedings by Alliance Title Company ("Alliance"), as trustee for Option One, the beneficiary named in the deed of trust.  Id. at 971-72.  Wells Fargo Bank ("Wells Fargo") acquired the property at the trustee's sales, and filed an unlawful detainer action against plaintiffs under § 1161a.  Id.  In response, plaintiffs argued that the foreclosure sale was invalid due to improper notice and because there were "irregularities in the sale." Id. at 972.  At the time of trial, however, plaintiffs and Wells

Fargo agreed to the entry of a stipulated judgment, and plaintiffs were forcibly evicted.  Id. Plaintiffs later filed a civil lawsuit against Option One and Wells Fargo, among others, alleging causes of action for declaratory relief, quiet title, cancellation of trustee's deed, willful wrongful foreclosure, negligent wrongful foreclosure, wrongful eviction and negligence.  The trial court sustained the defendants' demurrer without leave to amend.

The Court of Appeal affirmed and held that "the stipulated judgment in the related unlawful detainer action brought by Wells Fargo against plaintiffs was res judicata as to plaintiffs' claims in this action which all arise from the alleged invalidity of the foreclosure sale."  Id. at 973.  In reaching its decision, the Court of Appeal rejected the plaintiffs' contention that the issue of whether the trustee had the legal authority to proceed with the foreclosure was not embraced or resolved by the unlawful detainer action.  Id.  The court explained that by predicating its unlawful detainer complaint on § 1161a, "the validity of Wells Fargo's title had to be resolved in the unlawful detainer action."  Id.  "By stipulating to judgment against them, plaintiffs conceded the validity of Wells Fargo's allegations that the sale had been duly conducted and operated to transfer 'duly perfected' legal title to the property."  Id.  As a result, the court found that the plaintiffs' claim "that no valid legal title passed to Wells Fargo in the sale … [was] foreclosed by their voluntary stipulation to a judgment that necessarily decided valid title passed to Wells Fargo entitling the bank to possess the property."  Id.

In the instant case, all of Plaintiff's claims are based on the same primary right at issue in the unlawful detainer proceeding; namely, the alleged invalidity of the foreclosure sale.  The FAC alleges that after the loan was originated, the lender sold the Note to a third party; and that "[w]hen the Note was conveyed to the third party, whatever authority MERS had relating to the Deed of Trust, if any, was extinguished." FAC ¶ 10.  He asserts that since MERS allegedly no longer had any rights under the Deed of Trust, it correspondingly had no power to appoint Quality to act as substitute trustee and proceed with the foreclosure.  Id. ¶ 13.  However, as in Malkoskie, Plaintiff's challenges to the foreclosure and Aurora's acquisition of the Property necessarily were encompassed by Aurora's

- 9 -

1  unlawful detainer action.  As a result, the judgment rendered in that action, which was
2  affirmed on appeal, bars all claims by Plaintiff which challenge Defendants' right to
3  proceed with the foreclosure and trustee's sale.  <u>Malkoskie</u>, 188 Cal.App. 4th at 975-76.
4       Plaintiff attempts to sidestep the preclusive effect of the unlawful detainer judgment
5  by citing snippets of the transcript from the underlying unlawful detainer trial, ostensibly as
6  evidence that the trial court did not consider the issues he now seeks to litigate in this
7  action.  Pl.'s Opp'n at 4-6.  However, whether or not the trial court judge considered
8  Plaintiff's arguments is inapposite.  The judgment rendered in connection with Aurora's
9  § 1161a complaint necessarily adjudicated issues relating to the propriety of the
10 foreclosure.  Nevertheless, even if the trial court declined to consider Plaintiff's argument
11 that MERS had no right to proceed with the foreclosure sale, the record confirms that the
12 Appellate Division did, in fact, specifically address that issue.  Defs.' RJN, Ex. 7 at 2.  The
13 appellate panel held that "MERS was one of the original lenders or beneficiaries when
14 defendant [Dancy] purchased the property."  <u>Id.</u>  The panel further found that MERS
15 retained the power to foreclose on the Property, *even if the Note had previously been sold*
16 *by the original lender*; as a result, Aurora's purchase of the Property was deemed to be
17 proper and in compliance with § 2924.  <u>Id.</u> at 3.  Thus, based on the record presented, it is
18 readily apparent that the issues addressed by the Appellate Division are the same as those
19 that Plaintiff is seeking to litigate in this action.  The doctrine of res judicata, however, bars
20 Plaintiff from doing so.
21       **C.    LEAVE TO AMEND**
22       When granting a motion to dismiss, a court generally is required to grant leave to
23 amend unless amending the pleadings would be futile.  See <u>Deveraturda v. Globe Aviation</u>
24 <u>Sec. Servs.</u>, 454 F.3d 1043, 1049-50 (9th Cir. 2006).  Though previously granted leave to
25 amend, Plaintiff has merely repeated the same claims which the Court found deficient in its
26 Order denying Plaintiff's request for a TRO and prior Order granting Aurora's motion to
27 dismiss.  In addition, as set forth above, Plaintiff is precluded under the doctrine of res
28

judicata from relitigating claims based on alleged improprieties in the foreclosure sale. Thus, the Court concludes that further amendment to the pleadings would be futile.

## IV. <u>CONCLUSION</u>

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED. The instant action is dismissed with prejudice. Judgment shall be entered in favor of Defendants.

IT IS SO ORDERED.

Dated:  3/4/11

                                                    SAUNDRA BROWN ARMSTRONG
United States District Judge